```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Criminal Case No. DKC 21-146-4 |
| YONG CHEN | : |

**MEMORANDUM and ORDER**

Defendant Yong Chen ("Mr. Chen") has filed a motion seeking a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Guidelines ("Amendment 821"). (ECF No. 129). For the reasons that follow, the motion will be denied.

Mr. Chen pleaded guilty to conspiracy to commit wire fraud. He was sentenced on July 26, 2023, to 36 months in prison. As part of his judgment, he was ordered to pay restitution of $163,950 to twenty-six individuals. He did not appeal.

The Clerk received a motion from Mr. Chen on April 5, 2024, and an amended motion on July 24, 2024, requesting a reduction of his sentence under Amendment 821. (ECF No. 129). The Clerk sent Mr. Chen a letter on July 25, 2024, advising him that the Federal Public Defender was appointed to make a preliminary review of motions and, if it was determined that he qualified, would file a motion with the court on his behalf. (ECF No. 130). Assistant

Federal Defender Sapna Mirchandani filed a notice on January 30, 2025, advising that the Office of the Federal Public Defender would not be filing a supplement to Mr. Chen's motion. (ECF No. 133).

"Ordinarily, a federal court may not 'modify a term of imprisonment once it has been imposed.' This 'rule of finality,' however, 'is subject to a few narrow exceptions.'" *United States v. Gary*, No. 08-cr-0086-JKB, 2024 WL 1641007, at *1 (D.Md. Apr. 16, 2024) (first quoting 18 U.S.C. § 3582(c); and then quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). For instance, 18 U.S.C. § 3582(c)(2) provides that a court may "lower the sentence of a defendant who was 'sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' if the . . . reduction is consistent with the sentencing factors in 18 U.S.C. § 3553(a) and the Sentencing Guidelines." *Id.* (quoting 18 U.S.C. § 3582(c)(2)). In addition, under 18 U.S.C. § 3582(c)(2), "a defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable." *Id.* (citing *United States v. Riley*, No. 13-cr-0608-ELH, 2022 WL 9361679, at *5 (D.Md. Oct. 14, 2022)). Part A of Amendment 821 ("Part A") retroactively alters the application of the Sentencing Guidelines of certain offenders who earned criminal history

2

"status points" based on the commission of an offense while serving a criminal justice sentence, and Part B affects those who were assessed zero criminal history points at the time of sentencing and who have none of the specified aggravating factors.

Mr. Chen asserts that he qualifies for a sentence reduction under Amendment 821 because he has zero criminal history points. With regard to "zero-point offenders," the Commission's amendment adds a new Section 4C1.1, which reduces by two offense levels the guideline range for defendants with zero criminal history points. The two-level reduction, however, is not available under this provision to a defendant if one of the exceptions stated in the new guideline applies.

§4C1.1.   *Adjustment for Certain Zero-Point Offenders*

(a) *Adjustment*.—If the defendant meets all of the following criteria:

   (1) the defendant did not receive any criminal history points from Chapter Four, Part A;

   (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

   (3) the defendant did not use violence or credible threats of violence in connection with the offense;

   (4) the offense did not result in death or serious bodily injury;

3

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role), and

(11) the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

Mr. Chen does not qualify for a sentence reduction under Amendment 821 because his sentence is based in part on a three-level increase under USSG § 3B1.1(b) as a manager or supervisor and the criminal activity involved five or more participants or was otherwise extensive.

Accordingly, it is this 4th day of February, 2025, by the United States District Court for the District of Maryland hereby ORDERED that:

4

1. The motion for a sentence reduction under Amendment 821 filed by Yong Chen (ECF No. 129) BE, and the same hereby IS, DENIED; and

2. The Clerk will mail a copy of this Order to Mr. Chen and transmit a copy to counsel of record.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
